Jason B. Lattimore
**The Law Office of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159
Jason@Lattimorelaw.com

*Counsel for Plaintiff,*
*Tiny Town, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TINY TOWN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TINY TOWN LLC and SARA SMITH,<br><br>    Defendants. | Case No: 2:23-cv- 23226<br><br><br>**COMPLAINT &**<br>**JURY TRIAL DEMAND** |

Plaintiff, Tiny Town, LLC ("Tiny Town PA" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendants, Tiny Town LLC ("Tiny Town NJ") and Sara Smith ("Smith") (together "Defendants"), as follows:

### THE PARTIES

1.     Plaintiff Tiny Town PA is a Pennsylvania limited liability company with its principal place of business at 533 Janet Ave, Lancaster, Pennsylvania 17601.

2.     Defendant Tiny Town NJ is a New Jersey limited liability company with its principal place of business at 438 Main Street, Metuchen, New Jersey 08840.

3.     Defendant Sara Smith is an individual residing in Metuchen, New Jersey.

4. At all relevant times, Smith was the sole member of Tiny Town NJ and exercised full control over and participated fully in the acts of infringement described in this Complaint.

## NATURE OF THE CLAIMS

5. This is a trademark infringement action arising out of Defendants' persistent and willful infringement of Plaintiff's federally registered trademark, TINY TOWN, along with Plaintiff's common law rights in the TINY TOWN trademark. Despite having received two cease-and-desist letters informing Defendants of Plaintiff's trademark rights in the TINY Town mark and demanding Defendants cease infringing the mark, Defendants continued their infringing conduct without so much as a response, much less any regard for Plaintiff's trademark rights. Plaintiff seeks judgement against Defendants awarding Plaintiff the full scope of relief available under the law, including treble damages, disgorgement of profits, attorney fees, punitive damages and costs of suit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims alleged pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1338, and 28 U.S.C. § 1331. The Court also has jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims alleged are so related to the claims over which the Court has original jurisdiction that they form part of the same case.

7. This Court has personal jurisdiction over Defendants in that Defendants reside in this District, do business in this District, and the acts of infringement and unfair competition that form the basis for this action occurred or originated in this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

*Plaintiff's Business and the TINY TOWN Trademark*

9. Since at least as early as April 2017, Plaintiff has used the trademark TINY TOWN in commerce in connection with the services of providing recreational and educational facilities for children and hosting social gatherings for children and the sale of associated goods.

10. Among other services, Plaintiff provides, and at all relevant times has provided under the TINY TOWN trademark, an interactive children's play place and entertainment center featuring individual pretend playhouses such as a salon, a café, a grocery store, a hospital, and more. Plaintiff further offers birthday parties, events, and recreation space, and offers numerous services associated with party and event hosting, including pizza, photographers, themed parties, and balloon work.

11. By its extensive use of the Tiny Town mark, along with the high quality of services and customer experience Tiny Town PA provides, Plaintiff has built up extensive goodwill in the mark, garnering a loyal pool of clientele, notoriety in its area of operation, and a significant social media following and online footprint, becoming known for its excellent and distinct services.

12. Tiny Town PA is a popular venue for children's parties and events, with families from across the eastern states, including New Jersey, frequently planning events at and visits to Tiny Town PA.

13. Plaintiff is located in Lancaster, Pennsylvania, and is in the process of expanding its locations. Lancaster is a popular destination for tourists, which has helped the business reach customers across the United States and has enhanced its notoriety. Customers from all fifty states have visited Tiny Town PA, and it has become a must-see location for visitors to Lancaster who have young children.

14. Plaintiff's use of TINY TOWN dates back to late 2014, when Plaintiff conceived of its business and began promoting the launch of the business online and elsewhere under the TINY TOWN trademark. Plaintiff's extensive pre-launch promotion of its business created an association in the minds of consumers between the TINY TOWN trademark and Plaintiff's services prior to launch of the business.

15. Plaintiff opened the doors to Tiny Town PA in April 2017.

16. On March 5, 2019, Plaintiff's marketing agent filed, for Plaintiff's benefit, the application that matured into U.S. Trademark Registration No. 5867079 for TINY TOWN.

17. Registration No. 5867079 issued on September 24, 2019, and lists the following services: "Educational and entertainment services for children, namely, providing interactive play areas, instructional classes in the field of future job education and social gatherings for children; [and] Providing recreational areas in the nature of play areas for children." A copy of the registration certificate for the TINY TOWN trademark is attached as Exhibit A.

18. In January 2022, the marketing agent assigned to Plaintiff all goodwill, right, title, and interest in and to the TINY TOWN trademark registration, including all claims for damages by reason of past infringement.

19. Plaintiff remains the owner of U.S. Registration No. 5867079 for TINY TOWN, at all relevant times was the owner of the registration and the application that preceded it, and at all relevant times has been the owner of all common law rights in and to the TINY TOWN trademark in connection with Plaintiff's business.

*Defendants' Infringing Use of "Tiny Town"*

20. Defendants operate a children's play place and entertainment center that, like Tiny Town PA, features individual pretend playhouses, including a grocery store, a diner, and a

veterinarian's office. And like Tiny Town PA, they also offer party and event services, such as hosting, supplying pizza, balloon work, and themed parties.

21. Defendants began using "Tiny Town" in connection with their business no earlier than August 2019.

22. Defendants infringe Plaintiff's rights in the TINY TOWN trademark in numerous ways, including but not limited to: using "Tiny Town" on the doors of their business and in the promotional materials for the business, using the name Tiny Town in the business's logo, registering and using the domain name https://www.tinytownnj.com/, and using the name Tiny Town on their business's website, social media accounts, and generally online.

23. On February 16, 2022, upon learning of Defendants' infringement of the TINY TOWN trademark, Plaintiff sent a cease-and-desist letter to Defendants demanding they cease their infringing activity and desist from future infringement. A true and correct copy of the first cease-and-desist letter is attached hereto as Exhibit B.

24. Defendants ignored the February 16, 2022, cease and desist letter.

25. Plaintiff sent a second cease and desist letter to Defendants dated April 5, 2022. A true and correct copy of the second cease-and-desist letter is attached as Exhibit C.

26. Defendants also ignored the second letter.

27. On information and belief, at the time Defendants began their infringing use of "Tiny Town," Defendants were aware of Plaintiff's use of the TINY TOWN trademark and of Plaintiff's business and the services Tiny Town PA offered.

28. Defendants use of "Tiny Town" is in direct contravention of Plaintiff's federal trademark rights and is likely to cause confusion among consumers as to source or affiliation with respect to Defendants' services relative to Plaintiff's services.

29. The parties' respective trademarks are identical.

30. The parties use "Tiny Town" on identical and closely related services.

31. There is a high likelihood that consumers confronted with Tiny Town PA's and Tiny Town NJ's respective businesses, which both operate under "Tiny Town" and have overlapping business models and themes, and nearly identical services, would believe the two businesses, along with their services, are affiliated, connected or associated, or have common ownership.

32. Defendants are and at all relevant times have been aware of the likelihood of confusion between the parties' respective businesses, yet willfully and knowingly infringed and continue to infringe Plaintiff's TINY TOWN trademark. Defendants have recklessly, willfully, and intentionally violated Plaintiffs' trademark rights with the deliberate intention of trading on the valuable goodwill and reputation established in the Marks.

33. Plaintiff's TINY TOWN trademark is and at all relevant times has been a valid and subsisting trademark in full force and effect.

34. Plaintiff has not authorized Defendants to use "Tiny Town" in any regard.

### COUNT I
### Infringement of a Federally Registered
### Trademark - 15 U.S.C. § 1114(1)

35. Plaintiff restates and realleges the allegations of paragraphs 1-34 as if fully set forth herein.

36. Defendants' wrongful and unauthorized exploitation of the TINY TOWN trademark, including by selling and offering their services under that mark, constitutes direct infringement of a federally registered trademark.

37. Defendants' unauthorized use of "Tiny Town" is likely to cause confusion, cause mistake, or deceive consumers, because it suggests that Defendants' services are sponsored by, affiliated with, authorized by, or otherwise connected with or come from Plaintiff when, in fact, they are not and do not.

38. Defendants' infringement has caused and will continue to cause substantial and irreparably injury to the public and to Plaintiff's reputation and goodwill.

39. Defendants' infringement was and is willful.

40. By such willful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered trademark, including diversion of customers and lost profits. Further, Defendants will continue to be unjustly enriched by their infringement.

41. Plaintiff has no adequate remedy at law.

42. Plaintiff will continue to be irreparably harmed unless the Court enters an injunction prohibiting Defendants from further engaging in wrongful, infringing acts.

43. Plaintiff additionally is entitled to monetary damages, including treble damages and disgorgement of profits in amounts to be determined at trial, together with prejudgment and post-judgment interest, reasonable attorneys' fees and costs.

## COUNT II
### Federal Unfair Competition – 15 U.S.C. § 1125(a)

44. Plaintiff restates and realleges the allegations of paragraphs 1-43 as if fully set forth herein.

45. Plaintiff's TINY TOWN trademark is distinctive and represents the goodwill associated with Plaintiff's longstanding use of the mark, its nation-wide customer base, its reputation as a unique venue for children's recreation and events, and extensive notoriety.

46. Defendants' unauthorized and willful misuse of "Tiny Town" in commerce constitutes use of a name and/or a false or misleading description or representation that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services with respect to Plaintiff's services.

47. Defendants' unauthorized use of "Tiny Town" in commerce is and at all relevant times has been willful and constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. By such willful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's use of TINY TOWN, including diversion of customers and lost profits. Further, Defendants will continue to be unjustly enriched by their infringement.

49. Plaintiff has no adequate remedy at law.

50. Plaintiff will continue to be irreparably harmed unless the Court enters an injunction prohibiting Defendants from further engaging in such acts of federal unfair competition.

51. Plaintiff additionally is entitled to monetary damages, including treble damages and disgorgement of profits in amounts to be determined at trial, together with prejudgment and post-judgment interest, reasonable attorneys' fees and costs.

**COUNT III**
**Unfair Competition – N.J.S.A. § 56:4-1**

52. Plaintiff restates and realleges the allegations of paragraphs 1-51 as if fully set forth herein.

53. Through the acts described above, Defendant has willfully and knowingly engaged

in unfair acts or practices and unfair methods of competition.

54. Through the foregoing conduct, Defendants have acted in wanton and willful disregard of Interlink's rights such that Plaintiff is entitled to an award of punitive damages.

55. Accordingly, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, punitive damages, attorney's fees, costs and any other relief the court deems just.

## COUNT V
## Common Law Unfair Competition

56. Plaintiff restates and realleges the allegations of paragraphs 1-55 as if fully set forth herein.

57. Through the foregoing conduct, Defendants have committed common law unfair competition.

58. Through the foregoing conduct, Defendants have acted in wanton and willful disregard of Interlink's rights such that Interlink is entitled to an award of punitive damages.

59. Accordingly, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, compensatory damages, punitive damages, and any other relief the court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

I. That Defendants, their officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from directly or indirectly:

  A. Infringing the TINY TOWN trademark or otherwise engaging in any of the acts of infringement and unfair competition described herein;

  B. Using "Tiny Town" in connection with the sale, offering for sale, marketing, promotion, social media engagement, advertising, invoicing, or any other commercial or promotional activity associated with Defendants' business;

  C. Using any internet domain name that incorporates "Tiny Town."

  II. That Plaintiff obtain the following relief:

   A. An accounting and disgorgement of all profits Defendants have gained through offering their services under the infringing "Tiny Town" trademark;

   B. Compensatory damages;

   C. Treble damages;

   D. Reasonable attorneys' fees and costs;

   E. Punitive damages; and

   F. Any other relief in Interlink's favor that the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: December 19, 2023    Respectfully submitted,

            The Law Office of
            JASON B. LATTIMORE, ESQ. LLC

            By  s/ Jason B. Lattimore
              Jason B. Lattimore
              55 Madison Avenue, Suite 400
              Morristown, NJ 07960

>Telephone: (973) 998-7477
>Facsimile:  (973) 264-1159
>*Counsel for Plaintiff*
>*Tiny Town, LLC*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administration proceeding.


Dated: December 19, 2023           s/ Jason B. Lattimore
                                   Jason B. Lattimore